IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-cr-31-MEF |
| | ) | |
| SYLVESTER VAUGHN | ) | (WO) |
| KELVIN SUMMERS | ) | |

# **O R D E R**

During the trial of this case, it came to the Court's and parties' attention that audio recordings made on May 20, 2008, had not been disclosed to either the United States or the defendants.  As a result, on August 26, 2009, defendant Summers filed a Motion to Dismiss Indictment (Doc. #84).  Defendant Sylvester Vaughn joined in the motion.  The Court held a hearing on defendant's motion on August 26, 2009, and for the reasons set forth in the Court's oral pronouncement, thereafter declared a mistrial.

Counsel for both defendants expressed the need for further trial preparation in light of the newly discovered audio recordings.  Defendant Sylvester Vaughn indicated that he wanted an opportunity to file a motion to sever.  Defendant Kelvin Summers indicated that he needed an opportunity to pursue the possible affirmative defense of entrapment.  Both defendants indicated their theories of defense may have changed as a result of the audio recordings.

While the granting of a trial continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the Court is limited by

the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Speedy Trial Act provides

generally that the trial of a defendant in a criminal case shall commence within 70 days of

the latter of the filing date of the indictment or the date the defendant appeared before a

judicial officer in such matter.  18 U.S.C. §3161(c)(1).  *See United States v. Vasser*, 916 F.2d

624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on

the basis of his findings that the ends of justice served by taking such action outweigh the

best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).

Consequently, the Court concludes that a continuance of this case is warranted and

that the ends of justice served by continuing this case outweighs the best interest of the public

and the defendant in a speedy trial.  *See United States v. Davenport*, 935 F.2d 1223, 1235

(11th Cir. 1991) (reasonable time necessary for effective preparation is a significant factor

for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1.  That the trial of this case is continued to the December 7, 2009 trial term in

Montgomery, Alabama.

2.  That the Magistrate Judge conduct a pretrial conference prior to the December 7,

2009 trial term.

3. That defendant Kelvin Summer's Motion in Limine (Doc. #58) filed on August 10,

2009, is DENIED AS MOOT;

3. That defendant Kelvin Summer's Motion in Limine Supplement (Doc. #82) filed on August 24, 2009, is DENIED AS MOOT.

DONE this the 26th day of August, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE