IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-cr-0031-MEF-01 |
| | ) | |
| SYLVESTER VAUGHN | ) | (WO—Do Not Publish) |
| | ) | |

# **MEMORANDUM OPINION AND ORDER**

This case is before the Court on Defendant Sylvester Vaughn's ("Vaughn") Motion to Sever, filed on September 16, 2009. (Doc. # 93.) In the motion, Vaughn asks this Court to sever his case from the case of the co-defendant, Kelvin Summers ("Summers"). The United States opposes severance. For the following reasons, this Court will grant the motion.

On February 18, 2009, the grand jury returned an indictment that charges both Vaughn and Summers with conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, and distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. As is the preference under federal law, this Court tried Vaughn and Summers together at a joint trial that began on August 24, 2009. *See United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007) (citing *Zafiro v. United States*, 506 U.S. 534, 537–38 (1993)) (explaining that the general rule in conspiracy cases like this one is that "defendants who are charged together are usually tried together").

Before the close of its case in chief, however, the United States disclosed that it

had failed to turn over evidence that might be exculpatory to Summers. The evidence in question is an audio recording of several telephone calls between Summers and a confidential informant who was working undercover with law-enforcement officers to buy cocaine from Vaughn and Summers. Summers claims that the content of these calls might show that the confidential informant entrapped Summers into giving him directions to an apartment where he could buy cocaine. According to the United States' theory of the case, Vaughn was waiting at that apartment and sold cocaine to the confidential informant when he arrived. In response to this disclosure, this Court declared a mistrial on August 26, 2009 and set the case for retrial.

In light of this new evidence, Summers has filed notice of his possible intent to assert an entrapment defense upon retrial. Vaughn now moves for severance under Rule 14(a) of the Federal Rules of Criminal Procedure, which provides, in pertinent part, that "[i]f the joinder of . . . defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant . . . a court may . . . sever the defendants' trials, or provide any other relief that justice requires." Vaughn argues that Summers's entrapment defense is antagonistic to his own defense—although he does not specify what his own defense will be—and that this antagonism undermines his constitutional right to a fair trial to the point where severance is appropriate.

Given the evidence in this case as it now stands, which the Court is in a unique position to assess having already heard most of the facts in the first trial, this Court finds

that Vaughn is certainly not entitled to *mandatory* severance.  "Mutually antagonistic defenses are not prejudicial *per se*."  *Zafiro*, 506 U.S. at 538 (emphasis in original).  Rather, "to compel severance, the defenses of co-defendants must be more than merely antagonistic, they must be antagonistic to the point of being mutually exclusive."  *United States v. Garcia*, 405 F.3d 1260, 1272 (11th Cir. 2005) (internal quotation marks omitted).  In other words, a district court is not required to sever co-defendants unless the defense of one defendant compels the jury to find that the other defendant is guilty.

     This is not the situation here.  Even if the jury in this case were to accept Summers's entrapment defense, they would not be required by logic or law to find that Vaughn is guilty of any crime.  For example, a reasonable jury could accept Summers's defense as correct and nonetheless still find that there was no conspiracy because Vaughn and Summers did not agree to sell cocaine.  Likewise, a reasonable jury could find that Vaughn was not the person at the apartment who sold the cocaine to the confidential informant.  Therefore, as the United States persuasively argues in its response to Vaughn's motion, less drastic measures than severance, including curative limiting instructions, would be constitutionally sufficient.  *Zafiro*, 506 U.S. at 539.

     Nonetheless, just because the Constitution does not require this Court to sever the defendants does not mean that the Court should not sever the defendants under Rule 14.  As the Supreme Court emphasized in *Zafiro*, "Rule 14 . . . leaves the tailoring of the relief to be granted, if any, to the district court's *sound discretion*."  506 U.S. at 539

(emphasis added). In deciding whether severance is the appropriate remedy in a particular case, this Court should "balance the right of the defendant to a fair trial against the public's interest in efficient and economic administration of justice." *United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005).

This is one of the rare situations where the Court will sever the defendants without being constitutionally required to do so. The risk of prejudice against Vaughn that arises from Summers's entrapment defense—which tends to show Vaughn's complicity—is significant. This risk of prejudice outweighs the countervailing considerations of judicial economy, which are less weighty than usual because the Court has already declared a mistrial in this case.

In addition, beyond the spill-over effect of the entrapment defense itself, if the arguments and evidence of the United States and Summers are similar in all other respects to the arguments and evidence presented at the first trial, the main focus of the second trial will be on Summers's defense. This focus will likely divert the jury's attention from Vaughn's defense. The entrapment defense will only exacerbate this problem, with most of the arguments and evidence at trial likely directed at the nature of the conversations between the confidential informant and Summers, and the question of whether those conversations constitute entrapment.

Because the Court is concerned that the jury's attention will be diverted from Vaughn's defense and that the spill-over effect from Summers's entrapment defense will

be more than *de minimis*, the Court finds that the risk of prejudice is significant enough to warrant the preventative remedy of severance.

Therefore, for the foregoing reasons, it is hereby

ORDERED that the motion is GRANTED.

DONE this the 17th day of November, 2009.

>   /s/ Mark E. Fuller
>   CHIEF UNITED STATES DISTRICT JUDGE